UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DWIGHT D. TRIMBLE, II,

                    Plaintiff,                    Case No. 1:13-cv-275

v.                                        Honorable Robert J. Jonker

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

                    Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections and Stoddard. The Court also will dismiss the due process claim against Defendant Frakes. The Court will serve the the remainder of the complaint against Defendant Frakes.

**Discussion**

I.    <u>Factual allegations</u>

Plaintiff Dwight D. Trimble presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU). He sues the MDOC, MTU Warden C. Stoddard, and MTU Corrections Officer (unknown) Frakes.

Plaintiff's history of the events in issue is somewhat confusing, as the complaint goes back and forth between two time periods. It appears that Plaintiff was sent to B-Unit during the last week of August 2012, shortly after he was released from segregation after being found not guilty of possessing dangerous contraband. Thereafter, Defendant Frakes and other corrections officers who are not named as Defendants in this action repeatedly searched Plaintiff's room and threw his property around, saying, "You want to beat our tickets we'll show you." (Compl., docket #1, Page ID#4.) Plaintiff alleges that he became afraid of the officers and worried that they would plant a knife or illegal drugs in his room. He therefore asked Counselors Gilke and Bouck if they would move him to a different unit, but they refused. On September 7, 2012, Plaintiff packed up his own property and reported to the control center, asking to be locked in segregation for his safety. Before going to the center, he told Defendant Frakes of his intent, gave Frakes the property list, and had Frakes sign the property receipt. When Plaintiff arrived at the control center, he was given a direct order to return to his cell. Plaintiff refused, saying that he was not going to return to B-Unit because he did not like the officers in the unit. Sergeant Bridges issued Plaintiff a misconduct ticket for disobeying a direct order. Plaintiff apparently was take to segregation.

When he was released from segregation, Plaintiff was sent back to B-Unit. His property was returned to him, but a number of items were missing, including hobby-craft property

and completed craft items.  Plaintiff alleges that his completed craft items were usually sent home, where they were sold on the internet.  Defendant Frakes and others apparently continued to harass Plaintiff, and, on October 10, Plaintiff again packed up his property and reported to the control center for protective custody. He was again ordered back to his cell.  When he refused, another misconduct ticket was issued and Plaintiff was again sent to segregation.

After he was released from segregation on October 15, 2012, Plaintiff again did not received all of his stored property.  That same day, Plaintiff saw Frakes and asked about his missing property.  Frakes told Plaintiff to file a complaint with Counselor Bouck.  Plaintiff filed a grievance about his missing property on October 22, 2012.  The grievance was denied at Step II by Defendant Stoddard.  Nevertheless, on December 15, 2012, Stoddard sent Plaintiff a claim form for losses under $1,000.00.  Plaintiff completed the form, seeking $461.18 in compensation for lost property.

Based on these allegations, Plaintiff contends that Defendants Frakes and Stoddard deprived him of his property without due process.  He alleges that Defendant Frakes also repeatedly searched his property and took property in retaliation for Plaintiff having filed grievances or disputing misconduct charges.  Plaintiff also alleges that the actions of Frakes and Stoddard violated a variety of MDOC policies.  Finally, Plaintiff contends that Defendants Stoddard and the MDOC are liable for the conduct of their employees under the doctrine of respondeat superior.

Plaintiff seeks compensatory and punitive damages.

II.      Immunity

Plaintiff may not maintain a § 1983 action against the MDOC.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly

abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC.

III.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

- 4 -

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Due Process

Plaintiff alleges that Defendant Frakes unlawfully took his property and that Defendant Stoddard  failed to correct the problem.  He alleges that the taking violated MDOC policy and the Due Process Clause.

To the extent that Plaintiff claims that he was deprived of his property in violation of MDOC policy, he fails to state a cognizable federal claim. Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation.

*Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective July 9, 2012). Aggrieved prisoners may also submit claims for property

loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Indeed, Plaintiff specifically alleges that Defendant Stoddard sent him a form for making a claim under MICH. COMP. LAWS § 600.6419. Accordingly, Plaintiff's due-process claim based on the taking of his property will be dismissed.

## B. Supervisory Liability

Plaintiff fails to make any specific factual allegations against Defendant Stoddard, except to assert that Stoddard denied Plaintiff's property grievance and failed to supervise her employees. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based

upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendant Stoddard engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against her.

### C.    Retaliation

Upon review, the Court concludes that Plaintiff has sufficiently alleged a claim of retaliation against Defendant Frakes.  The Court therefore will order service of the claim.

### <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections and Stoddard will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) on grounds of immunity and failure to state a claim.  The Court also will dismiss the due process claim against Defendant Frakes.  The Court will serve the retaliation claim against Defendant Frakes.

An Order consistent with this Opinion will be entered.

Dated:    June 10, 2013               /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE